**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SANDRA J. S.,

                Plaintiff,

    v.                                                  5:24-cv-01116 (AMN/ML)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

**APPEARANCES:**                                               **OF COUNSEL:**

**OLINSKY LAW GROUP**                             **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **FERGUS J. KAISER, ESQ.**
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

       On September 16, 2024, Plaintiff Sandra J. S.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act. Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on December 23, 2025, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, and reverse and remand the Commissioner's decision for the calculation and payment of benefits. Dkt. No. 16 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 31.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229. "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

More than a decade ago, Plaintiff applied for disability insurance benefits. Dkt. No. 16 at 2. In the years since, Defendant has denied Plaintiff's claim three times. *Id.* at 2-3. Plaintiff is now approaching seventy years old. Dkt. No. 2; Dkt. No. 16 at 25. Plaintiff's severe impairments include cerebral palsy. Dkt. No. 16 at 7-8. For Plaintiff, poor balance is one manifestation of this neurological disorder. *Id.* at 7. There is medical evidence documenting Plaintiff's history of falls and the resulting injuries that she has suffered. *Id.* 18-19.

The last two times that Plaintiff sought judicial review of Defendant's denial of her claim, the parties stipulated to remand Defendant's decision for further proceedings. *Id.* at 2-3. Magistrate Judge Lovric ordered the first remand in February 2022; Chief United States District Judge Brenda K. Sannes ordered the second remand in November 2023. *Id.* at 3. Following Defendant's third denial, Plaintiff brought the present challenge. *Id.* at 4.

Over several dozen pages in the Report-Recommendation, Magistrate Judge Lovric detailed the relevant legal standards, the history of this matter, the record evidence, and the issues in contention. *See generally id.* As relevant here, Magistrate Judge Lovric determined that the ALJ's decision was not supported by substantial evidence and did not indicate compliance with the applicable regulations. *See, e.g., id.* at 17-25; *see also Raymond M. v. Comm'r of Soc. Sec.*, No. 19-cv-1313, 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) ("At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and

consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'") (quoting *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 11 (W.D.N.Y. 2021)).

As a result, Magistrate Judge Lovric concluded that remand for the calculation and payment of benefits was appropriate in this particular case. Dkt. No. 16 at 25. More specifically, Magistrate Judge Lovric determined that the nearly 3,000 page record, stretching back to 2011, was sufficiently complete, *see, e.g., Butts v. Barnhart*, 388 F.3d 377, 385-86 (2d Cir. 2004) ("[W]here this Court has had no apparent basis to conclude that a more complete record might support the Commissioner's decision, we have opted simply to remand for a calculation of benefits.") (citation omitted); that the record provided persuasive evidence of Plaintiff's disability, *see, e.g., Skrodzki v. Comm'r of Soc. Sec. Admin.*, 693 F. App'x 29, 30 (2d Cir. 2017) ("A reversal with remand for the calculation of benefits is appropriate when the record is so clear as to compel a conclusion.") (citation omitted); and that Plaintiff's advancing age, the possibility of further delay, and the lengthy procedural history of this case, all weighed in favor of such a remand as well, *see, e.g., Torres v. Colvin*, No. 16-cv-00809, 2017 WL 1734020, at *4 (D. Conn. May 3, 2017) ("Plaintiff's claim has been pending for more than seven years and was already remanded by the District Court once before. I am not persuaded that the Commissioner deserves a third opportunity to carry her burden. . . . The case is remanded solely for calculation and payment of benefits.") (collecting cases). *See* Dkt. No. 16 at 25-29.

Magistrate Judge Lovric also noted that the calculation of benefits should take into account certain of the ALJ's factual findings. *Id.* at 29.

The Court discerns no clear error in Magistrate Judge Lovric's findings and recommendations. Accordingly, the Court adopts the Report-Recommendation in its entirety.

4

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for the calculation and payment of benefits consistent with the Report-Recommendation, Dkt. No. 16; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2026
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

5